**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TROY McCOLLUMS,
ADC #136591                                                                                                  PLAINTIFF

V.                              CASE NO. 5:17-CV-00019 JM/BD

WENDY KELLY, et al.                                                                                  DEFENDANTS

### RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.     Discussion**

Troy McCollums, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. McCollums alleges that, on October 1, 2016, a tower officer at the Delta Regional Unit of the ADC refused to respond to orders from Defendant Page and other ADC officers. The tower officer (not a party to this lawsuit) also refused to disarm himself. As a result,

ADC officials cancelled yard call, as well as visitation, and local law enforcement was called to the Unit. Mr. McCollums complains that he was held "hostage" during the episode and that he feared for his safety. (#2 at p.6) He sues Wendy Kelly, Dexter Pain, Joe Page, and K. Bolton and demands money damages.

In his complaint, Mr. McCollums seeks to hold Defendants Kelly, Pain, and Page liable based on their supervisory positions at the ADC. In a § 1983 action, however, a supervisor generally cannot be held vicariously liable for the constitutional violations of a subordinate. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Therefore, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948.

Although a prison supervisor can be held liable for failing to properly supervise subordinates by tacitly authorizing a constitutional violation or by failing to take corrective action in response to such a violation, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995–96 (8th Cir. 2007); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

Here, Mr. McCollums has not alleged that Defendants Kelly, Pain, or Page engaged in a pattern of unconstitutional activity; nor does he allege that these Defendants were aware of any risk posed to Mr. McCollums's health or safety *prior to* the underlying incident. As a result, Mr. McCollums's claims against Defendants Kelly, Pain, and Page should be DISMISSED.

Mr. McCollums claims that Defendant Bolton, as an ADC officer, had a duty to protect him. Again, he fails to allege that Defendant Bolton was aware of any risk posed to Mr. McCollums's health and safety *prior to* the underlying incident. As a result, Mr. McCollums cannot show that Defendant Bolton acted with deliberate indifference to his safety. See *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (to establish an eighth amendment violation, an inmate must show that his continued incarceration posed a "substantial risk of serious harm" and that jail officials "actually knew of but disregarded" the inmate's health or safety).

### III. Conclusion

Mr. McCollums's claims should be DISMISSED, with prejudice, based on his failure to state a constitutional claim. The Court also recommends that Judge Moody certify that this dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 8th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE